**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **HONGBIN LIU,** | ) | **CASE NO.1:07CV304** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **MICHAEL CHERTOFF, Department of** | ) | **OPINION AND ORDER** |
| **Homeland Security, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Michael Chertoff, Director of Homeland

Security, Emilio T. Gonzales, Director of US Citizenship and Immigration Services, Gregory W.

Christian, Director of Nebraska Service Center and Robert S. Muller, Director of the Federal

Bureau of Investigation unopposed Motion to Dismiss (ECF #9).  For the following reasons, the

Court grants Defendants' Motion.

**BACKGROUND**

Plaintiff Hongbin Liu filed this Complaint for Writ of Mandamus seeking to compel

Defendants to promptly process her I-485 application in accordance with 8 U.S.C. §1255.

Plaintiff is presently in the United States as a nonimmigrant temporary worker, authorized to

remain in this country until July 11, 2008.  On January 5, 2005, Plaintiff submitted her I-485

Application To Adjust to Permanent Resident Status with the United States Citizenship and

Immigration Service ("USCIS").  Upon receipt of the application the USCIS conduct a

1

background investigation of the applicant.  The background investigation includes a Federal Bureau of Investigation ("FBI") name and fingerprint check and an Interagency Border Inspection System ("IBIS") check.  On or about January 22, 2005, the USCIS submitted Plaintiff's name to the FBI to conduct its investigation.  Due to high volume of investigations the FBI check has not yet been completed.  The USCIS alleges it is unable to process the I-485 application until the FBI has completed its investigation.  On April 5, 2007, Defendants filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) failure to state a claim upon which relief may be granted.  As of May 23, 2007, Plaintiff has failed to file a response.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and is designed to determine "whether a cognizable claim has been pleaded in the complaint."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988).  For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.  *Roth Steel Products v. Sharon Steel Co.*, 705 F. 2d 134, 155 (6th Cir. 1983). In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.  *Conley v. Gibson*, 357 U.S. 41, 45-46 (1957). "[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  *Scheuer v. Rhodes,* 416 U. S. 232, 236 (1974).

2

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired."  The district court's power to grant motions to dismiss because they are unopposed is firmly settled.  *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv*., 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000).  A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit.  *Cacevic, id.*

## ANALYSIS

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."*Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990) citing *Rogers v. Stratton Industries, Inc.,* 798 F.2d 913, 915 (6th Cir.1986). "Moreover, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Moir* at 269 citing *Rogers* at 915, 918. Since Plaintiff has failed to timely respond to Defendant's Motion to Dismiss, and has failed to meet her burden in demonstrating subject matter jurisdiction, this Court finds Plaintiff has "confessed" to the merits of Defendant's motion and the Court grants Defendant's Motion to Dismiss.

IT IS SO ORDERED.

May 24, 2007                                    s/Christopher A. Boyko
Date                                            CHRISTOPHER A. BOYKO
                                                United States District Judge

*Not for publication

3